## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Clifford E. Turner**, | Bankruptcy No. 14-12599 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

**Please take notice** that on **Wednesday, April 6, 2017 at 10:00 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other judge sitting in his place and stead, and shall then and there present the attached **Reorganized Debtor's Motion for Final Decree and to Authorize Entry of Discharge**, a copy of which is attached hereto and herewith served upon you. You may appear if you so choose.

Dated: March 31, 2017

Clifford E. Turner

By: */s/ Ariane Holtschlag*
One of his attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com
        aholtschlag@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on March 31, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Reorganized Debtor's Motion for Final Decree and to Authorize Entry of Discharge* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

*/s/ Ariane Holtschlag*

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Robert L Dawidiuk | rdawidiuk@collinslaw.com |
| William J Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com |
| Cari A Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Stephen G Wolfe | steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov |

{00059980}

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Clifford E. Turner**, | Bankruptcy No. 14-12599 |
| Debtor. | Honorable Jacqueline P. Cox |

### REORGANIZED DEBTOR'S MOTION
### FOR FINAL DECREE AND TO AUTHORIZE ENTRY OF DISCHARGE

Pursuant to 11 U.S.C. §§ 350, 1141, Clifford E. Turner (the "***Reorganized Debtor***") files this motion (the "***Motion***") for entry of final decree and discharge. In support of the requested relief, the Reorganized Debtor states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.      Venue of the above-captioned case (the "***Case***") and of this motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

### BACKGROUND

**I.     The Debtor.**

3.      The Reorganized Debtor is the founder and Chief Apostle of Liberty Temple Full Gospel Church, which has grown from its beginnings in Chicago, to a national network (the "***Liberty Temple Network***") with churches throughout the country. The Debtor is also a prolific speaker through his own non-profit, Clifford E. Turner Ministries.

{00030294}

4.     In the years prior to the Petition Date, the Reorganized Debtor experienced health issues that made it difficult for him to oversee the various entities as effectively as he had in former years. During this same period, the economy experienced a major downturn.

5.     Due to the Reorganized Debtor's health issues and the general economic downturn, the Liberty Temple Network was unable to pay the Reorganized Debtor's salary and repay debts owed to the Reorganized Debtor. In turn, this decrease in income to the Reorganized Debtor caused the Reorganized Debtor to default in payments to his creditors.

## II.   The Case.

6.     On April 4, 2014, (the "***Petition Date***") the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") in the Northern District of Illinois Bankruptcy Court, Eastern Division, thereby initiating the above-captioned case (the "***Case***") and creating a bankruptcy estate (the "***Estate***") pursuant to Section 541 of Bankruptcy Code.

7.     On December 5, 2014, this Court entered an order [Dkt. No. 65] confirming the Reorganized Debtor's plan of reorganization (the "***Confirmed Plan***") [Dkt. No. 43].

8.     After confirmation, the Case was held open pending sale of the real estate commonly known as 380 Avenue L NE in Winter Haven, Florida (the "***Winter Haven Property***").

9.     On February 3, 2016, this Court authorized sale of the Winter Haven Property and the sale closed on February 5, 2016, resulting in net proceeds to Clifford and Darlyn Turner of $34,894.00.

10.     Pursuant to the terms of the confirmed plan, the Reorganized Debtor was entitled to set aside up to $20,000 as the "Winter Haven Tax Payment Pool" toward the payment of Priority Tax Claims and Class 4 Secured Tax Claims.

11.    The Reorganized Debtor set aside $19,980.69 as the Winter Haven Tax Payment Pool, and the balance of $14,931.31 was used to make a 2.75% distribution to Class 5 general unsecured claims and Class 6 deficiency claims.

12.    The Winter Haven Tax Payment Pool was used to pay all priority tax claims in full with interest as well as a substantial payment to the Secured Tax Claim of the Illinois Department of Revenue.

13.    In summary, the Plan required and the Reorganized Debtor has made the following payments or taken the following actions following the Plan's Effective Date:

| CHART 1 – SUMMARY OF DISTRIBUTIONS | | | |
|---|---|---|---|
| Type or Class of Claims | Creditors | Treatment of Claims | Status of Payments |
| Unclassified Claims | | | |
| U.S. Trustee fees. | U.S. Trustee. | Paid quarterly. | Current. |
| Administrative expense claims. | Professionals retained in the Case. | Paid pursuant to agreement between claimants and Reorganized Debtor. | Current. |
| Priority Tax Claims | IRS and IL Dept. of Revenue | The Debtor shall pay such claims in full with interest before April 1, 2019. | Paid in full. |
| Classes 1 through 8 | | | |
| Class 1 – Secured | Wells Fargo | Shall be paid over 360 months at the | Current. |

{00059980}

| | | | |
|---|---|---|---|
| Claims Related to Orlando Property | Bank. | Allowed Rate in equal monthly installments of $1,907.76. | |
| Class 2 – Naperville Property Secured Claim | Bank of Brookfield | Shall be paid in full through monthly principal and interest payments of $8,780.00. | Current. |
| Class 3 – Santander Claim | Santander | Shall be paid in full through monthly principal and interest payments of $810.00. | Current. |
| Class 4 – Secured Tax Claims | IL Dept. of Revenue | Shall pay such claims in full at the Allowed Rate in equal monthly installments so that the final installment payment comes due on April 1, 2019. | $7,540.72 plus interest remains to be paid after receipt of tax pool distribution. |
| Class 5 – Unsecured Claims | 14.    All Unsecured Claims other than Deficiency Claims. | Shall be paid pro rata, along with the Holders of Allowed Class 6 Deficiency Claims, from the Winter Haven Proceeds. | Paid in full. |
| Class 6 – Deficiency Claims | Wells Fargo Bank. | Shall be paid pro rata, along with the Holders of Allowed Class 5 Unsecured | Paid in full. |

| | | Claims, from the Winter Haven Proceeds. | |
|---|---|---|---|

## DISCUSSION

15.    Pursuant to 11 U.S.C. §§ 350, and 1141, the Reorganized Debtor seeks entry of final decree and discharge.

### III.    Entry of a final decree is appropriate at this time.

16.    "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022; *accord* 11 U.S.C. § 350(a).

17.    The Bankruptcy Code and Rules do not define when an estate is fully administered, so courts "should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered." *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002); *accord In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

18.    The factors considered include: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. Fed. R. Bankr. P. 3022 Advisory Note.

19.    Whether or not there is a possibility that a court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not

deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350(a). *Id.*

20.    Here, each of the applicable factors is satisfied and the Reorganized Debtor's case has been finally administered. Specifically, (a) the order confirming the Plan is final, (b) property proposed in the Plan to be sold has been sold, (c) all payments thus far required by the Plan have been made, and (d) all motions, contested matters, and adversary proceedings have been resolved.

21.    There is therefore no further need for supervision by this Court. (And in the unlikely event that an issue does arise, this Court retains jurisdiction under the Plan to resolve that issue.)

## IV.   Entry of a discharge.

22.    In the case of a chapter 11 proceeding on behalf of an individual, "the court grants a discharge on completion of all payments under the plan." 11 U.S.C. § 1141 (d)(5)(A). Alternatively, entry of discharge is authorized in advance of completion of all payments under the plan if the liquidation analysis has been satisfied, modification of the plan is not practicable and the Debtor has not been convicted of a felony, nor does the Debtor owe any debts arising from violations of the Securities Exchange Act of 1934. 11 U.S.C. §1141(d)(5)(B).

23.    In this Case, substantially all the payments called for under the Plan have been completed as outlined above. The only outstanding claims are:

> a.  a portion of the non-dischargeable tax claim in favor of the Illinois Department of Revenue; and
>
> b.  long-term secured debt payments.

24.    The Illinois Department of Revenue has consented to entry of the Debtor's discharge and closing of the case prior to payment of its claim in

full. The Debtor will work directly with IL Dept. of Revenue to arrange a payment plan for the outstanding balance.

25.    As outlined above and in the Disclosure Statement accompanying the confirmed Plan, the liquidation analysis has been satisfied by the payments made to date in this Case. Modification of the plan under section 1127 is not practicable in that the Debtor is unable to resolve the secured debt payments on a short time frame. Finally, the Debtor has not been convicted of a felony, nor does the Debtor owe any debts arising from violations of the Securities Exchange Act of 1934.

## NOTICE

26.    Six days' notice of this motion has been provided to: (a) the United States trustee; (b) the Debtor's creditors; and (c) any other party that has filed an appearance or requested notice in the case. The Reorganized Debtor submits that, under the circumstances, such Notice is adequate and that no further notice is required.

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter an order directing the clerk to enter a Discharge Order for the Debtor pursuant to 1141(d)(5)(A) and thereafter close the Case, and granting such other and further relief as this Court may deem just and appropriate.

Dated: March 31, 2017            **Clifford E. Turner**

                        By: */s/ Ariane Holtschlag*
                        One of his attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233

{00059980}

Email:  wfactor@wfactorlaw.com
aholtschlag@wfactorlaw.com